# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * *    * | |
| BROOKE CLOYD and DYLAN        * | |
| CLOYD, on behalf of their son,       * | |
| BTC, a minor,                                       * | No. 18-1251V |
|                                                                * | |
|            Petitioner,                              * | Special Master Christian J. Moran |
|                                                                * | |
| v.                                                          * | Filed: June 21, 2022 |
|                                                                * | |
| SECRETARY OF HEALTH           * | Stipulation; rotavirus vaccine; |
| AND HUMAN SERVICES,            * | intussusception. |
|                                                                * | |
|                                                                * | |
|            Respondent.                           * | |
| * * * * * * * * * * * * * * * * * * *    * | |

John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for Petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On June 21, 2022, the parties filed a joint stipulation concerning the petition for compensation filed by Brooke and Dylan Cloyd on August 20, 2018. In their petition, petitioners alleged that the rotavirus vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), and which BTC received on October 20, 2017, caused BTC to suffer intussusception. Petitioners represent that there has been no prior award or settlement of a civil action for damages on BTC's behalf as a result of his condition.

Respondent denies that BTC sustained a Table intussusception within the timeframe set forth in the Table; and denies that the rotavirus vaccine and/or any

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

other vaccine administered on October 20, 2017 caused or significantly aggravated BTC's intussusception.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased; and**

b. **For past unreimbursable expenses, a lump sum of $3,940.00 in the form of a check payable to petitioners.**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

    **IT IS SO ORDERED**.

                                      s/Christian J. Moran
                                      Christian J. Moran
                                      Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BROOKE CLOYD and DYLAN CLOYD, on behalf of their son, BTC, a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 18-1251V<br>Special Master Christian J. Moran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, B.T.C., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to B.T.C.'s receipt of a rotavirus vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. B.T.C. received rotavirus, pneumococcal, diphtheria-tetanus-acellular pertussis, inactivated poliovirus, and haemophilus influenzae type b vaccines on October 20, 2017.

3. The vaccines were administered within the United States.

4. Petitioners allege that the rotavirus vaccine caused B.T.C. to develop intussusception that required surgical correction during inpatient hospitalization.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of B.T.C. as a result of his alleged injury.

6. Respondent denies that B.T.C. sustained a Table intussusception within the timeframe set forth in the Table; and denies that B.T.C.'s rotavirus vaccine and/or any other vaccine administered on October 20, 2017, caused or significantly aggravated B.T.C.'s intussusception.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1] and
>
> b. For past unreimbursable expenses, a lump sum of **$3,940.00** in the form of a check payable to petitioners.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b.  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of B.T.C., pursuant to which the Life Insurance Company will agree to make payments to B.T.C. as follows:

    a. A certain lump sum of **$7,800.00** payable on June 15, 2035;

    b. A certain lump sum of **$7,800.00** payable on June 15, 2036;

    c. A certain lump sum of **$7,800.00** payable on June 15, 2037; and

    d. A certain lump sum of **$7,800.00** payable on June 15, 2038.

The payments provided for in this paragraph shall be made as set forth above. Should B.T.C. predecease any of the certain payments set forth above or be declared incompetent by a court with proper jurisdiction, any remaining payments shall be made to B.T.C.'s estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of B.T.C.'s death or being declared incompetent.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with

respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. sec. 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation as part of the annuity contract will be used solely for the benefit of B.T.C. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of B.T.C.'s estate under the laws of the State of Washington.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of B.T.C., on behalf of themselves, B.T.C., and B.T.C.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of B.T.C. resulting from, or alleged to have resulted from, the vaccines administered to B.T.C. on or about October 20, 2017, as identified by petitioners in a petition for vaccine compensation filed on or about August 20, 2018, in the United States Court of Federal Claims as petition No. 18-1251V.

18. If B.T.C. should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize the respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that B.T.C. suffered from intussusception and/or any other injury as the result of any vaccination administered on October 20, 2017.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of B.T.C.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

*/s/ Brooke Cloyd*
BROOKE CLOYD

*/s/ Dylan Cloyd*
DYLAN CLOYD

**ATTORNEY OF RECORD FOR PETITIONERS:**

*/s/ John R. Howie, Jr.*
JOHN R. HOWIE, JR.
HOWIE LAW, P.C.
2608 Hibernia Street
Dallas, TX 75204
(214) 622-6340
jhowie@howielaw.net

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes - S14
Digitally signed by George R. Grimes -S14
Date: 2022.06.10 15:20:33 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Ryan D. Pyles*
RYAN D. PYLES
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847
ryan.pyles@usdoj.gov

Dated: June 21, 2022

7