# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
BROOKE CLOYD and
DYLAN CLOYD on behalf of
their son, BTC, a minor,

      Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

      Respondent.
* * * * * * * * * * * * * * * * * * * * *

No. 18-1251V

Special Master Christian J. Moran

Filed: September 22, 2023

John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for Petitioners;
Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

 Pending before the Court is Brooke and Dylan Cloyd's ("petitioners") motion for final attorneys' fees and costs. They are awarded $81,715.14.

       \*  \*  \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On August 20, 2018, petitioners filed for compensation on behalf of their minor child, BTC, under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that the rotavirus vaccine which BTC received on October 20, 2017, caused him to suffer intussusception. Following petitioners' submission of expert reports, the parties were able to reach a stipulation, which the undersigned adopted as his decision awarding compensation on June 21, 2022. 2022 WL 2756184.

On September 30, 2022, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $52,404.70 and attorneys' costs of $34,835.44 for a total request of $87,240.14. Fees App. at 1. Pursuant to General Order No. 9, petitioners warrant that they have not personally incurred any costs related to the prosecution of their case. Fees App. Ex. 4. On October 3, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioners filed a reply on October 3, 2022, reiterating their belief that the requested fees and costs are reasonable.

\*   \*   \*

In this case, because petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request the following rates of compensation for the work of their counsel, Mr. John Howie, Jr.: $383.00 per hour for work performed in 2018, $395.00 per hour for work performed in 2019, $420.00 per hour for work performed in 2020, $441.00 per hour for work performed in 2021, and $466.00 per hour for work performed in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel at Muller Brazil, LLP for her Vaccine Program work. See, e.g. Jenson v. Sec'y of Health & Human Servs., No. 17-482V, 2022 WL 1860183 (Fed. Cl. Spec. Mstr. May 4, 2022). Accordingly, the requested hourly rates are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable, but a small reduction is necessary due to the following issues. First, Mr. Howie billed time for tasks which are more paralegal in nature such as requesting medical records from providers and preparing exhibits for filing. When an attorney does the work of a paralegal or administrative

3

assistant, he or she should be paid a rate commensurate with the nature of the work. See Valdes v. Sec'y of Health & Hum. Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties.").

Second, paralegals billed time for review of documents which Mr. Howie had also billed time to review, leading to an excessive amount billed for their review. Finally, a similar problem is the amount of interoffice communication between Mr. Howie and his paralegal concerning the drafting of documents and their filing, which has led to an excessive amount billed for these tasks.

Accordingly, to accomplish rough justice, the undersigned shall reduce the final award of attorneys' fees by $3,000.00. Petitioners are therefore awarded final attorneys' fees of $49,404.70.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioners request a total of $34,835.44 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioners' medical experts, Dr. Phyllis Agran and Dr. Shilpa Jain. The undersigned shall discuss these expert costs in greater detail.

Petitioners request a total of $12,625.00 for the work of Dr. Agran, a pediatric gastroenterologist, comprised of 25.25 hours billed at an hourly rate of $500.00 per hour. The hours billed by Dr. Agran are reasonable for the review of medical records and preparation of her expert report.  However, the undersigned notes that Dr. Santoro (whom Dr. Agran was retained to replace following Dr. Santoro's passing) has consistently billed at and been awarded $400.00 per hour for his vaccine program work, and the undersigned has recently considered what a reasonable hourly rate for a pediatric gastroenterologist with no prior Vaccine Program experience is and ultimately awarded $400.00 per hour. See Gapen v. Sec'y of Health & Human Servs., No. 19-422V, slip op. at 5 (Fed. Cl. Spec. Mstr. Sept. 8, 2023). Based on her submitted work product and CV, the undersigned is satisfied that $400.00 per hour is reasonable for Dr. Agran in this case. Therefore, a reasonable amount for her work is $10,100.00.

Petitioners also request $16,987.50 for the work of Dr. Jain, a gastrointestinal pathologist, representing 37.75 hours billed at $450.00 per hour. The undersigned is not aware of any prior Vaccine Program decisions discussing reasonable hourly rates for a gastrointestinal pathologist, although the undersigned has previously analyzed hourly rates for pathologists in other specialties, such as neuropathologists and cardiovascular pathologists. Newcomb v. Sec'y of Health & Human Servs., No. 18-1393V, 2021 WL 2947439, at *2-3 (Fed. Cl. Spec. Mstr. Jun. 11, 2021); Woods v. Sec'y of Health & Human Servs., No. 16-1520V, 2020 WL 8509837, at *3 (Fed. Cl. Spec. Mstr. Dec. 7, 2020). Overall, the undersigned has awarded $350.00 - $500.00 per hour to these individuals, based upon their credentials and submitted work product. Dr. Jain is currently the director of GI pathology at Baylor College of Medicine in Houston, Texas as well as an associate professor in the department of pathology and immunology, and has authored several papers. Based on this and her submitted work product, the undersigned is satisfied that $450.00 per hour is reasonable for her work in this case. The full amount of her costs shall be fully reimbursed.

The remainder of the costs have been supported by the necessary documentation and are also reasonable.[2] Petitioners are therefore awarded final attorneys' costs of $32,310.44.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$81,715.14** (representing $49,404.70 in attorneys' fees and $32,310.44 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Mr. John Howie, Jr.

---

[2] Among these costs is $4,000.00 paid as a retainer to Dr. John Santoro. Dr. Santoro reviewed medical records, researched medical literature, and worked with counsel to draft an expert report but ultimately passed away before being able to provide counsel with a detailed invoice of his time. Fees App. at 10. Based on his usual hourly rate of $400.00 and the work counsel warrants he performed, the undersigned is satisfied that this cost is reasonable and shall fully reimburse it.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.